IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID JULIAN MENDOZA GONZALEZ,<br><br>    Defendant. | Case No. 24-CR-197-1-JFH |

**OPINION AND ORDER**

Before the Court is a joint motion to declare case complex and to continue trial and scheduling dates ("Motion") filed by the United States of America (the "Government") and Defendant David Julian Mendoza ("Defendant Gonzalez"). Dkt. No. 23. For the reasons set forth below, the Motion is GRANTED.

The Indictment in this case charges Defendant Gonzalez one (1) count of drug conspiracy and one (1) count of maintaining a drug-involved premises. Dkt. No. 3. His co-defendant James Clifford McElwee ("Defendant McElwee"), who remains a fugitive, is charged with one (1) count of drug conspiracy, one (1) count of possession of fentanyl with intent to distribute. One (1) count of possession of methamphetamine with intent to distribute, one (1) count of possession of heroin with intent to distribute, and one (1) count of maintaining a drug-involved premises. Dkt. No. 3.

The discovery in this case includes extensive police reports, search warrants, photographic images, and eight (8) cellphone extractions. Dkt. No. 23 at 1. To date, the Government has produced over 43,000 files of which equate to approximately 95 GB of data. *Id.* at 1-2. At the time of Defendant Gonzalez' arrest, agents seized approximately 27 additional cellphones. *Id.* at 2. The Government anticipates a large amount of data being extracted from the additional cellphones. *Id.* Defense counsel expects that it will require an extraordinary amount of time to

review and evaluate the discovery produced and anticipated. *Id.* The amount of evidence, the subject-matter of the evidence, and the time necessary to prepare for both production of discovery and review of discovery take this case outside the mainstream of cases for this district.

For these reasons, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the Court finds that this is a complex case and that it is unreasonable to expect adequate preparation for pretrial proceedings and trial itself within the limits established by 18 U.S.C. § 3161. The Court further finds that the ends of justice served by granting the continuance requested outweigh the interests of the public and Defendant in a speedy trial. Thus, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), the ends of justice dictate that the period of delay shall be excludable in computing the time from which the Indictment was filed and the time within which the trial of this action must commence. Because of the volume and complexity of the discovery in this case, the Court finds a continuance appropriate.

IT IS THEREFORE ORDERED that the unopposed motion to declare case complex and to continue trial and scheduling dates [Dkt. No. 23] is GRANTED. The jury trial set for October 7, 2024 at 8:45 a.m. is stricken. The following amended scheduling order is hereby entered:

Joint status report regarding production of discovery filed: **9/26/2024**
**10/29/2024**
**11/13/2024**

Notices filed: **11/13/2024**

This includes all notices required by the Rules of Criminal Procedure and Evidence, including but not limited to, notices pursuant to Rule 16, 404(b), 412, 413, 414, or 609.

Motions filed and objections to notices filed: **11/27/2024**

Absent good cause, motions in limine shall be filed by this date

Motions for bill of particulars shall be filed pursuant to FRCrP 7(f)

Pretrial conference: **12/20/2024    at 9:30 a.m.**

| | | |
|---|---|---|
| Voir dire, jury instructions, stipulations, & trial briefs filed: **1/10/2025** | | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | **1/16/2025** | **by 4:00 p.m.** |
| Three hard-copy exhibit binders delivered to Court: | **1/16/2025** | **by 4:00 p.m.** |
| Jury trial: | **1/21/2025** | **at 8:45 a.m.** |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court. If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court. The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial. Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the Pretrial Docket Call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the Change of Plea Hearing.
The parties are encouraged to re

view the Court's Criminal Guidelines.

Dated this 9th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE